Case 1:20-cv-00015 Document 8 Filed on 03/10/20 in TXSD Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
March 10, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DAVID GAMALIEL MARTINEZ, Petitioner | § § § | |
| v. | § § | Civil Action No. 1:20-cv-015 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondent. | § § § § § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of two documents filed on behalf of David Gamaliel Martinez by his attorney, Larry Warner. Dkt. Nos. 1-2. Specifically, the Court has received a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus and a "Brief in Support of 2254 Petitions for Relief" (hereinafter, "Petition" and "Brief in Support," respectively). *Id.* (errors in original). Both the Petition and Brief in Support fail to state a claim within the subject matter jurisdiction of this Court. The Court has provided Warner with two opportunities to amend his pleadings, but Warner has not complied. *See* Dkt. Nos. 3 and 5. As discussed below, Warner's submissions to this Court indicate that: (1) he is abusing the 28 U.S.C. § 2254 procedure; and (2) providing him with additional time to state a claim within the subject matter jurisdiction of this Court would prove futile. Accordingly, for the reasons provided below, it is recommended that the Court: (1) **DISMISS** this civil action without prejudice; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

## I. Discussion

On February 11, 2020, the Court issued an Order and Notice which identified the jurisdictional and other pleading deficiencies in the Petition and Brief in Support. Dkt. No. 3. The Court gave Warner until February 28, 2020, to file amended pleadings fixing these deficiencies. *Id.* at 3. The Court's Order and Notice identified eight main deficiencies contained in the Petition and Brief in Support.

> First, contrary to § 2254 petition form requirements, Warner has failed to provide Martinez's place of confinement, his prisoner identification number, his length of sentence, and his explanation as to why 28 U.S.C. § 2244(d) does not bar his Petition. Dkt. No. 1 at 1, 34-38. Second, despite filing Martinez's Petition in this Division, Warner states that venue is proper in the Corpus Christi Division. *Id.* at 19. Third, although only listing Martinez's name on the Petition, Warner suggests that more than one petitioner is presently before that Court. *Id.* ("Is venue proper in the Corpus Christi Division, since *one of several Petitioners* was convicted in a State District Court within the Corpus Christi Division of the Southern District of Texas. Venue is proper in the Corpus Christi Division. *All Applicants* reside in the Southern District of Texas.") (errors in original, emphasis added). Fourth, in providing Martinez's grounds for relief, Warner has failed to comply with Rule 8 of the Federal Rules of Civil Procedure. Fifth, the Brief in Support contains an inaccurate caption as it purports to be a brief in the case of "Ex Parte David Martinez, et al." Dkt. No. 2 at 1. Sixth, the 87-page Brief in Support and 38-page Petition are excessively repetitive and convoluted. Seventh, the Brief in Support appears identical to another brief Warner has recently filed in this Division in a "Miscellaneous Case," on behalf of "Jose Mata, et al.," which forces the Court to wonder if one or both briefs were filed in error. *See Jose Mata v. State of Texas*, Civil Action No. 1:20-cv-00019, Dkt. No. 2. . . . Due to Warner's above-listed failures, the Court cannot determine the nature of this case, whether jurisdiction is present, or whether Warner meant to file this Petition in another division, on behalf of other or additional petitioners.

*Id.* at 1-3 (formatting altered).

Rather than correcting the identified deficiencies, Warner filed a motion (hereinafter, Warner's "First Motion") seeking more time to comply with the Court's Order. Dkt. No. 4. The Court granted Warner's First Motion, in part, allowing him until March 3, 2020, to comply. Dkt. No. 5 at 2. Instead of complying with this new deadline, on March 3, 2020, Warner filed a "Motion to Reconsider Motion for Extension of Time to Comply with Order to Rebrief" (hereinafter, Warner's "Second Motion"). Dkt. No. 6. Warner's Second Motion provided the same reasons for an extension and sought the same amount of time as his First Motion. *Id.* The Court denied Warner's Second Motion. Dkt. No. 7.

The Court denied Warner's Second Motion because his submissions seem to indicate an improper use of § 2254;[1] and, providing him with additional time is not likely to result in the assertion of § 2254 claim within the subject matter jurisdiction of this Court. Warner's First Motion states that he represents "two actual and four to-be-filed Petitioners for Relief" who all have "the same claims to present." Dkt. No. 4 at 4 (errors in original). His description of these claims indicates that he intends to proceed in this Court, pursuant to 28 U.S.C. § 2254, on behalf of individuals, or a "class" of individuals, who are not in custody for purposes of § 2254. Specifically, he suggests that these petitioners, including Martinez, are "not in actual custody[,]" but nonetheless are entitled to be heard due to the immigration consequences of their

---

[1] As noted in the Court's February 27th Order and Notice, Warner has a history of filing "wholly frivolous claims." Dkt. No. 6 at 2 ("Warner has recently been sanctioned for repeatedly filing 'wholly frivolous legal claims' in the McAllen Division of this District, and has been previously reprimanded and suspended by the State Bar of Texas") (citing *Tierranegra v. JPMC Specialty Mortg. LLC*, No. 7:18-CV-347, Dkt. No. 14 at 1-2 (Mar. 8, 2019)).

expired convictions. Dkt. No. 4 at 5-6. For example, he states that: "Jesus Berrales Martines, on information and belief, is being excluded and will be denied naturalization. Miriam Garrido, though not in custody, is sure to be deported, excluded, and denied naturalization." *Id.*

A federal court has jurisdiction to consider a § 2254 writ of habeas corpus on behalf of a petitioner in custody pursuant to a state court judgment "only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added); *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (same). A petitioner satisfies the "in custody" requirement, when he challenges a conviction that has not fully expired at the time he files his § 2254 petition. *Carafas v. Lavallee*, 391 U.S. 234, 238 (1968). Although the petitioner need not be in actual physical custody to satisfy the custody requirement, there must be some restraint on the liberty of his person to satisfy the requirement. *Maleng v. Cook*, 490 U.S. 488, 491. In general, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.* at 492. Deportation is an adverse collateral consequence that is insufficient to render a petitioner in custody. *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004) (citing *Maleng*, 490 U.S. at 492); *Haddad v. Texas Atty. Gen.*, No. 3:13-CV-373-P, 2013 WL 3810772, at *2 (N.D. Tex. July 22, 2013) (same); *Campos–Conrrada v. Thaler*, No. 3:12–cv–4190–N–BH, 2012 WL 5845549, at *2 (N.D.Tex. Oct.23, 2012), *rec. adopted*, 2012 WL 5844190 (N.D. Tex. Nov. 19, 2012) ("The fact that petitioner

was deported as a result of this conviction is not a sufficient restriction on his liberty to meet the 'in custody' requirement of § 2254(a)").

Similarly, a petitioner in immigration detention, or under an order of removal as the result of criminal conviction, is not "in custody" for purposes of satisfying § 2254(a)'s custody requirement. *See United States v. Esogbue*, 357 F.3d 532, 533-34 (noting that petitioner released from INS custody on bail but facing possible deportation was not in custody for purposes of seeking federal habeas relief); *Stanbridge v. Scott*, 791 F.3d 715, 719 (7th Cir. 2015) ("Collateral consequences, even those that impose a significant restraint on one's freedom of movement, such as being placed in federal detention awaiting deportation, do not render a petitioner 'in custody.') (citations omitted); *Ogunwomoju v. United States*, 512 F.3d 69, 74–75 (2d Cir. 2008) (We . . . join our sister circuits that have determined that one held in immigration detention is not "in custody" for the purpose of challenging a state conviction under § 2254.") (collecting cases); *Philip v. Thaler*, No. 3:12-CV-4289-P-BK, 2012 WL 6931649, at *1–2 (N.D. Tex. Dec. 21, 2012), *rec. adopted*, No. 3:12-CV-4289-B-BK, 2013 WL 363358 (N.D. Tex. Jan. 24, 2013) ("removal "is a collateral consequence that does not render a person 'in custody' for federal habeas purposes.") (citations omitted); *Adames v. Hinton*, No. 2:16-CV-00963, 2016 WL 7386348, at *1–2 (S.D. Ohio Dec. 21, 2016), *rec. adopted*, No. 2:16-CV-963, 2017 WL 2483814 (S.D. Ohio June 8, 2017)("[I]t has been held that being in the custody of immigration authorities does not satisfy the "in custody" requirement for federal habeas corpus

proceedings, without which this Court lacks jurisdiction to consider the § 2254 petition.") (collecting cases).

It is the petitioner's burden to show that the Court possesses subject matter jurisdiction over his claims. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (noting that the party asserting jurisdiction "constantly bears the burden of proof" to show that jurisdiction exists.") (citations omitted). Despite providing Warner with two opportunities to amend his pleadings and demonstrate subject matter jurisdiction (*see* Dkt. Nos. 3 and 5), his submissions do not show that jurisdiction is present because they fail to show that Martinez is in custody for purposes of § 2254(a). To the contrary, his submissions indicate that he is attempting to pursue claims that cannot properly be raised pursuant to § 2254. Thus, as Warner has not shown that granting additional time to amend would allow him to demonstrate the existence of subject matter jurisdiction, it is recommended that the Court dismiss Martinez's case without prejudice.

Along with the reasons provided above, the Court must also note here that at least two additional reasons exist to dismiss this case without prejudice now. First, in his First and Second Motions, Warner admits that he has not exhausted the claims he purports to assert on Martinez's behalf. *See* Dkt. No. 4 at 7 and Dkt. No. 6 at 2-3 (stating the need to "exhaust all available theoretical state remedies[,]" and file state habeas applications and motions before amending his pleadings in this case). Pursuant to the doctrine of exhaustion, a petitioner must exhaust all available state remedies prior to seeking relief under § 2254 in order to give the State an opportunity

to correct any alleged violations of a petitioner's federal rights. 28 U.S.C. § 2254(b)(1)(A); *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006); *Spencer v. Texas*, No. SA-19-CV-001135-XR, 2020 WL 759428, at *6 (W.D. Tex. Feb. 13, 2020).

Second, Warner's submissions indicate that, even if Martinez could amend his claims to make them cognizable under § 2254, they would still be time-barred by the one-year limitations period applicable under 28 U.S.C. § 2244(d). *See* 28 U.S.C. § 2244(d)(1)(A) ("A 1-year period of limitation shall apply to [a § 2254 petition] by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]").[2] This is because: (1) the state conviction Martinez is attacking is more than five years old; (2) Martinez waited "more than five years from the finality of [his] judgment" to file an application for a state writ of habeas corpus;[3] and (3) statutory tolling would not apply to toll his limitations period under § 2244(d)(2). *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). Accordingly, for all the foregoing reasons, it is recommended that this civil action be dismissed without prejudice.

---

[2] Warner's submissions provide no information indicating that Martinez's Petition would be timely under § 2244(d)(1)(B)-(D).

[3] Dkt. No. 4 at 3.

## II. Recommendation

It is recommended that the Court: (1) **DISMISS** this civil action without prejudice; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

## III. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

**SIGNED** on this 10th day of March, 2020.

Ignacio Torteya, III
United States Magistrate Judge